Filed 5/15/13  P. v. Taylor CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH RICHARD TAYLOR,<br><br>Defendant and Appellant. | F063217<br><br>(Super. Ct. No. F10905950)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Donald Penner, Judge.

Dale Dombkowski, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Louis M. Vasquez, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Cornell, Acting P.J., Kane, J., and Poochigian, J.

# INTRODUCTION

Appellant, Joseph Richard Taylor, was found guilty after a jury trial of misdemeanor assault of a peace officer (Pen. Code, § 241, subd. (c), count 1)[1] and resisting an executive officer, a felony (Pen. Code, § 69, count 2).  The jury did not find that appellant had personally used a knife.  In a bifurcated proceeding, the trial court found true allegations that appellant had served two prior prison terms within the meaning of Penal Code section 667.5, subdivision (b) and had four prior serious felony convictions within the meaning of the three strikes law.

At the sentencing hearing, the court granted appellant's request to strike three of his prior serious felony convictions due to the remoteness of the convictions.  The court found one prior prison term enhancement true.  The court sentenced appellant to the upper term of three years, doubled to six years pursuant to the three strikes law, and added a term of one year for the prison term enhancement, for a total sentence of seven years.

Prior to trial, after reviewing the records of the two arresting officers, the court denied appellant's request for discovery of the officers' personnel records.  On appeal, appellant seeks independent review by this court of information in the arresting officers' personnel files pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*) and *People v. Mooc* (2001) 26 Cal.4th 1216 (*Mooc*).

## FACTS AND IN CAMERA HEARINGS

At 3:15 p.m. on November 19, 2010, a fight erupted at the Coalinga State Hospital.  Officer Adrian Enriquez could see the fight about 40 feet from his kiosk with other officers.  Enriquez and Officer John Rodriguez responded to break up the fight.

---

[1]    The jury acquitted appellant of felony assault of a peace officer (Pen. Code, § 245, subd. (c)), but convicted him in count 1 of the lesser included misdemeanor offense.

Appellant was nearby another fight and looked very excited. He was facing another man with his hands up and his fists clenched. Officer Sandoval ordered appellant to the ground, but he did not comply and Sandoval used pepper spray on appellant. Appellant's fists remained clenched. Appellant was holding a black, pointed object sticking three to four inches out of his hand. Rodriguez ordered appellant to drop his weapon, but appellant failed to comply.

As appellant ran down a hallway, he struck an individual in the abdomen who immediately fell to the ground. As appellant was running toward Enriquez, other officers were yelling at appellant to stop and get on the ground. When appellant was five feet away, Enriquez noticed a shiny object protruding from appellant's hand. Appellant's hands were clenched in fists. Enriquez ordered appellant to drop the weapon and get on the ground. Appellant kept advancing toward Enriquez.

Appellant lifted his fists toward Enriquez, who continued to order appellant to drop his weapon and get on the ground. When appellant came within two feet of Enriquez, Enriquez began to fear for his own safety and expanded his baton into a defensive position. Appellant then lunged at Enriquez.

Enriquez struck appellant's shoulder near the bicep with his baton. Appellant remained on his feet, ignoring commands to get on the ground, and continued to advance on Enriquez. Enriquez hit appellant with his baton a second time in the left forearm and appellant fell to the ground and was taken into custody.

Appellant testified that another patient swung at him when he was carrying his glasses, pen, and an iPod. As appellant ran away, he was immediately hit on the left side of his head by Enriquez. Appellant was searched, but no weapon was found.

Appellant filed a *Pitchess* motion seeking court review of the personnel files of officers Enriquez and Rodriguez for information concerning prior acts of violence, fabrication, false arrest, citizen complaints, and all information relevant to credibility and veracity. The parties stipulated at the *Pitchess* hearing that there was good cause for the

3

trial court to review information concerning excessive force, fabrication of reports, or questions concerning officer veracity. The trial court reviewed the relevant documents in camera and ruled that none of the information reviewed by the court should be disclosed.

On December 18, 2012, this court issued an order noting that the officers' personnel records reviewed by the trial court had not been placed in the appellate record under seal. We ordered the trial court to obtain the relevant records and to prepare a settled statement explaining what it reviewed and to produce the appropriate records under seal.

On January 17, 2013, Judge Donald Penner conducted a review of the records that were originally produced for the *Pitchess* hearing. Judge Penner prepared a settled statement stating the court had copied two documents it originally reviewed and was sending them under seal to this court. The sealed record was filed with this court on February 26, 2013.

## DISCUSSION

Appellant seeks independent appellate review of the trial court's ruling on his discovery motion pursuant to *Pitchess, supra,* 11 Cal.3d 531. Such review has been endorsed by the California Supreme Court. (*People v. Hughes* (2002) 27 Cal.4th 287, 330 (*Hughes*); *People v. Samayoa* (1997) 15 Cal.4th 795, 827.) Appellant contends he is entitled to independent review by this court of the personnel records made available to the trial court. Appellant's motion to the trial court sought information, if any, of past incidents in which there were complaints against Officers Enriquez and Rodriguez involving excessive force, fabrication of reports, or questions concerning officer veracity.

A trial court's ruling on a motion for access to law enforcement personnel records is subject to review for abuse of discretion. (*Hughes*, *supra*, 27 Cal.4th at p. 330.) We have undertaken that review, following the procedures set forth in *Mooc*. (*Mooc*, *supra*, 26 Cal.4th at pp. 1230-1232.) There were no claims against either officer involving excessive force, fabrication of reports, or questions concerning officer veracity. After

4

reviewing the transcripts of the in camera hearings, as well as the personnel files of the officers, we find no abuse of discretion by the trial court concerning its review of the officers' personnel files and its ruling that no records were discoverable. (*Hughes, supra,* 27 Cal.4th at p. 330; *Mooc*, *supra*, 26 Cal.4th at p. 1232; *People v. Lopez* (2005) 129 Cal.App.4th 1508, 1536.)

## DISPOSITION

The judgment is affirmed.